**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|  v. | ) | **Criminal Action No.** |
| | ) | **10-00324-01/04/06/07/08/11/12** |
| **BRENDA CASTANEDA,** | ) | |
| **MARIO ALBERTO RAMIREZ-CORREA,** | ) | |
| **PABLO FIGUEREDO-CHAVIANO,** | ) | |
| **OSSEL VIDAL DE PRADA,** | ) | |
| **CESAR IVAN ESTRADA,** | ) | |
| **GUADALUPE CARLOS SANCHEZ,** | ) | |
| **CARLOS DELGADO PENA,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## ORDER OF CONTINUANCE

On December 15 2010, the Grand Jury returned a superseding indictment charging the defendants with conspiracy to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in an amount of five (5) kilograms or more, and a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in an amount of 500 grams or more, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and (viii). This criminal action is currently set for trial on the joint criminal trial docket which commences April 25, 2011.

On February 25, 2011, defendant Pablo Figueredo-Chaviano, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> Discovery in this case is exceptionally voluminous. The discovery
> produced to date includes some 1100 pages of Title III documents
> (applications, extensions, progress reports, etc.), 605 pages of ICE

investigative reports, audi recordings of nearly 1200 intercepted telephone calls, and some 3080 pages of call transcripts. A preliminary review of this discovery reveals that all or nearly all of the intercepted phone calls are conducted in Spanish. The government-provided transcripts are English translations of the original conversations.

Counsel will be required to expend an unusually large amount of time in order to review the discovery in this case. In addition, the time needed to research and consider possible legal motions, assess the relative culpability (or lack thereof) of individual defendants, and engage in plea negotiations if appropriate will also be unusually extensive, as will the time required for trial preparation, if necessary. Trial of this matter would likely take several weeks. In light of the foregoing, this case clearly cannot be ready for trial on the April 25, 2011, docket.

The undersigned has been in communication with counsel for each of the appearing defendants in this case, specifically:

      a) Jonathan Laurans, counsel for Brenda Casteneda (D-1);
      b) Thomas Fields, counsel for Mario Alberto Ramirez-Correa (D-4);
      c) Sean Pickett, counsel for Ossel Vidal de Prada (D-7);
      d) Brian Gaddy, counsel for Enrique Gonzales Mendoza (D-9);
      e) Dana Altieri, counsel for Guadalupe Carlos Sanchez (D-11); and
      f) John Lozano, counsel for Carlos Delgado Pena (D-12).

All of the above-named defense counsel have authorized the undersigned to state that they have no objection to this motion.

The undersigned also has contacted government counsel, Catherine Connelly, and has been authorized to state that the government does not oppose this motion.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of

justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(8)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar.  In ordering this case removed from the joint criminal jury trial docket which will commence April 25, 2011, and continuing the trial until the joint criminal jury trial docket which will commence September 12, 2011, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to September 12, 2011;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence April 25, 2011, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence April 25, 2011, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence April 25, 2011, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Pablo Figueredo-Chaviano on February 25, 2011 (Doc. No. 82), is GRANTED AS TO ALL DEFENDANTS and that this criminal action is removed from the joint criminal jury trial docket which will commence April 25, 2011. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence September 12, 2011. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and September 12, 2011, shall be excluded in computing the time within which the trial of this criminal action must commence.

                                          */s/ JOHN T. MAUGHMER*
                                              JOHN T. MAUGHMER
                                           United States Magistrate Judge

Kansas City, Missouri